UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN SENSABAUGH, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 14-cv-14001-IT |
| MERCEDES-BENZ USA, LLC, | * |
| Defendant. | * |

ORDER

January 12, 2015

TALWANI, D.J.

Before the court are the Motion to Dismiss Plaintiff's Complaint [#8] filed by Defendant Mercedes-Benz USA, LLC ("Mercedes-Benz") and the Motion for Leave to File Document [in] Support of Plaintiff's Complaint [#19] filed by Plaintiff Brian Sensabaugh.

In its motion, Mercedes-Benz requests that Plaintiff Brian Sensabaugh's complaint be dismissed with prejudice under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) for lack of the court's jurisdiction over Mercedes-Benz and for Sensabaugh's failure to state a claim upon which relief may be granted. Where, as here, a plaintiff proceeds pro se, that plaintiff "is entitled to liberal construction of [his] allegations, no matter how inartfully pled." Ashley v. N.Y. State Office of Children and Family Servs., No. 13–30197–KPN, 2014 WL 3767382, at *1 (D. Mass. June 14, 2014) (quotation marks and citation omitted). Even construing the complaint liberally, however, the complaint neither establishes a basis for this court's jurisdiction nor states a claim for relief.

Sensabaugh responded to Mercedes-Benz's motion by seeking to bolster his complaint through documentation that he asserts supports his claim. See Opp'n Mot. Dismiss [#15]; Mot.

Leave File Doc. Supp. Pl.'s Compl. [#19]. Despite proceeding pro se, a plaintiff must comply with pleading rules set forth in the Federal Rules of Civil Procedure, and neither the court nor a defendant is required to sift through documents outside of the complaint to try to understand the basis for the court's jurisdiction over the defendant and the basis of a plaintiff's claim.

Under Federal Rule of Civil Procedure 8(a)(1), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," and under Rule 8(a)(2)-(3), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Under Rule 8(d), each allegation in a complaint "must be simple, concise, and direct." Rule 10(b), in turn, requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

In light of the failures described above, Sensabaugh's <u>Motion for Leave to File Document [in] Support of Plaintiff's Complaint</u> [#19] is hereby DENIED and Mercedes-Benz's <u>Motion to Dismiss Plaintiff's Complaint</u> [#8] is hereby ALLOWED IN PART and DENIED IN PART. Plaintiff's complaint is dismissed with leave to amend. Plaintiff shall have two weeks to file an Amended Complaint in accordance with this order and in compliance with Federal Rules of Civil Procedure 8(a), (d) and 10(b).

IT IS SO ORDERED.

January 12, 2015 /s/ Indira Talwani
United States District Judge